\*\* E-filed January 5, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPECIALIZED BICYCLE COMPONENTS, INC., | No. C10-05725 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT IMMEDIATE DISCOVERY** |
| v. | [Re: Docket No. 7] |
| DAVID BARTON, d/b/a/ buzzboysales, | |
| Defendant. | |

**BACKGROUND**

Plaintiff Specialized Bicycle Components, Inc. ("Specialized"), a maker of bicycles, cycling accessories, and apparel, owns and uses the trademark "Specialized" and a "Specialized S Logo." Docket No. 1 ("Complaint"), ¶ 11. Specialized filed suit against defendant "David Barton" ("Defendant"), the contact name for eBay, Inc. ("eBay") seller "buzzboysales," for trademark counterfeiting, infringement, and dilution under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and other violations of state law. Id. at ¶ 1. Specialized claims that Defendant knowingly sold, offered for sale, or otherwise contributed to the sale of counterfeit versions of cycling accessories and apparel bearing Specialized's trademarks and that Defendant's alleged conduct resulted in consumer confusion. Id.

Specialized discovered Defendant's sale of the allegedly counterfeit items on eBay in November 2010. Id at ¶ 25. Thereafter, it worked with law enforcement officials in Provo, Utah —

where "buzzboysales" maintains a post office box — to determine the location and identity of "David Barton." Docket No. 8 ("Love Decl."), ¶ 5. It turns out that the name "David Barton" belongs only to one individual in the area, and the local law enforcement determined that he is not the "David Barton" associated with "buzzboysales." Id. Thus, with the information currently available to it and after investigation, Specialized has been unable to determine the identity and location of Defendant.

Specialized now moves the Court for leave to conduct immediate discovery to determine the information it needs to properly carry out the instant action. Docket No. 7 ("Motion"). Specifically, Specialized seeks leave to serve a subpoena on eBay that requests information concerning Defendant's true name, address, telephone number, date of birth, and email address, as well as information about all sales of any good bearing the Specialized marks, including bank account information associated with the "buzzboysales" seller profile. Id.

## LEGAL STANDARD

The practice of suing Doe defendants is generally disfavored in the Ninth Circuit. However, in cases where the identity of the alleged defendant will not be known prior to the filing of a lawsuit, "'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

When an anonymous Internet user is a target defendant, limited discovery to identify the defendant may be permitted where a plaintiff:

(1) identifies the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court;

(2) identifies all previous steps taken to locate the elusive defendant;

(3) establishes to the court's satisfaction that the lawsuit against defendant could withstand a motion to dismiss; and

(4) states reasons justifying the specific discovery requested, and identifies a limited number of persons or entities upon whom discovery might be served and for which there is a

1  reasonable likelihood that the discovery will lead to identifying information about defendant that
2  would make service of process possible.
3  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### DISCUSSION

Specialized has met its burden as set forth above. First, as a seller of items on eBay, Defendant is clearly an individual or entity. Second, as described above, Specialized has undertaken diligent and appropriate steps to identify and locate Defendant without the use of early discovery, to no avail. The "David Barton" and "buzzboysales" monikers have value only insofar as they can be associated with additional contact or identifying information. This information, though, is only possessed by eBay. As such, Specialized seeks to subpoena eBay for this otherwise unobtainable information. Third, the Court is satisfied that Specialized's action would likely withstand a motion to dismiss, as it appears to have sufficiently alleged claims for violations the trademark-related violations it asserts. See Complaint. And fourth, Specialized has shown that there is a reasonable likelihood that its requested discovery will lead to information to identify Defendant and make service on Defendant possible.

### CONCLUSION

Based on the foregoing, the Court GRANTS Specialized's motion for leave to conduct immediate discovery. Specialized may subpoena eBay for information concerning Defendant's true name, address, telephone number, date of birth, and email address, as well as information about all sales of any good bearing the Specialized marks, including bank account information associated with the "buzzboysales" seller profile. In granting Specialized's motion, the Court does not intend to foreclose any valid objections that may be raised by eBay in responding to any subpoena.

**IT IS SO ORDERED.**

Dated: January 5, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-05725 HRL Notice will be electronically mailed to:**

Adam Paul Brezine, Esq          adam.brezine@hro.com, steve.jang@hro.com

**5:10-cv-05725-HRL Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Stephen Sansom
Holme Roberts & Owen LLP
560 Mission Street
25th Floor
San Francisco, CA 94105

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**