**United States District Court**
For the Northern District of California

1          ** E-filed April 28, 2011 **

2

3

4

5

6

7                              NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11   SPECIALIZED BICYCLE COMPONENTS,            No. C10-05725 HRL
     INC.,
12                                              **ORDER GRANTING IN PART AND
                    Plaintiff,                  DENYING IN PART PLAINTIFF'S
13                                              MOTION FOR LEAVE TO CONDUCT
          v.                                    ADDITIONAL EARLY DISCOVERY**
14
     DAVID BARTON, d/b/a/ buzzboysales,         **[Re: Docket No. 24]**
15
                    Defendant.
16   _____/

17                            **BACKGROUND**

18        Plaintiff Specialized Bicycle Components, Inc. ("Specialized"), a maker of bicycles, cycling

19   accessories, and apparel, owns and uses the trademark "Specialized" and a "Specialized S Logo."

20   Docket No. 1 ("Complaint"), ¶ 11. Specialized filed suit against defendant "David Barton," the

21   contact name for eBay, Inc. ("eBay") seller "buzzboysales," for trademark counterfeiting,

22   infringement, and dilution under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and for other violations

23   of state law. Id. at ¶ 1.

24        With this Court's permission, Specialized took early discovery and identified individual

25   Chuck Gibson ("Gibson") as the man behind the "David Barton" moniker, and so it filed a First

26   Amended Complaint adding him as a defendant. Docket No. 12 ("First Amended Complaint" or

27   "FAC") ("David Barton" and Gibson hereafter referred to as "Defendants"). Default has since been

28   entered against Gibson. Docket No. 23.

**United States District Court**
For the Northern District of California

1    Shortly after serving the First Amended Complaint on Gibson, Specialized received an email

2    from "David Barton." Docket No. 25 ("Lugo Decl."), ¶ 4, Ex. C. In it, "David Barton" states that at

3    least some of the allegedly counterfeit goods at issue were purchased from the website

4    www.alibaba.com. Id., Ex. C.

5    Specialized now moves the Court for leave to conduct additional early discovery, namely, to

6    serve a subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45 on the owners and/or

7    operators of www.alibaba.com that requests: (1) information regarding the source and value of the

8    allegedly counterfeit goods purportedly obtained by Gibson; (2) information about sales to other

9    individuals of similar allegedly infringing goods; (3) the identities of any other individuals who

10   bought similar allegedly infringing goods; (4) further information about the eBay profile

11   "buzzboysales"; (5) further information about Defendants, such as their true names, addresses,

12   telephone numbers, dates of birth, and e-mail addresses; and (6) information, including bank

13   account information, about all sales of any goods bearing the Specialized marks to Defendants. See

14   Docket Nos. 24 ("Motion"), 26 ("Proposed Order"). No party opposed Specialized's motion.

### LEGAL STANDARD

16   Under Federal Rule of Civil Procedure 26(d), a court may authorize early discovery before

17   the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice.

18   FED. R. CIV. P. 26(f)(1), (2). The key inquiry is whether a plaintiff has shown "good cause" for the

19   early discovery. See, e.g., Patrick Collins, Inc. v. Does 1-1219, No. C10-04468 LB, 2010 U.S. Dist.

20   LEXIS 138306, at *3 (N.D. Cal. Dec. 28, 2010); IO Group, Inc. v. Does 1-65, No. C10-04377 SC,

21   2010 U.S. Dist. LEXIS 114039, at *2 (N.D. Cal. Oct. 15, 2010); Semitool, Inc. v. Tokyo Electron

22   America, Inc., 208 F.R.D. 273, 275-277 (N.D. Cal. 2002).

### DISCUSSION

24   In this action, Specialized claims that Defendants knowingly sold, offered for sale, or

25   otherwise contributed to the sale of counterfeit versions of cycling accessories and apparel bearing

26   Specialized's trademarks and that Defendants' alleged conduct resulted in consumer confusion. See

27   FAC. No Rule 26(f) conference has occurred since Gibson, the only defendant known to be an

28   actual person, has not appeared in the action. Yet Specialized has received information that could

United States District Court
For the Northern District of California

1  lead to admissible evidence relevant to its claims in this case. In this circumstance, the Court

2  believes good cause exists to allow Specialized to serve a subpoena *duces tecum* on the owners

3  and/or operators of www.alibaba.com that requests information about (1) the eBay profile

4  "buzzboysales" and/or Defendants in this case, and (2) information regarding the source and value

5  of the allegedly counterfeit goods purportedly obtained by Defendants.

6  However, good cause does not exist to allow Specialized to serve a subpoena that requests

7  information about individuals other than Defendants or about Specialized products sold to

8  individuals other than Defendants. Such a subpoena would allow Specialized to conduct a fishing

9  expedition in search of other potential defendants not related to this action. "While the standard of

10  relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party 'to roam in shadow

11  zones of relevancy and to explore matter which does not presently appear germane on the theory

12  that it might conceivably become so.'" In re Fontaine, 402 F.Supp. 1219, 1221 (E.D.N.Y. 1975)

13  (quoting Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.

14  1958); see also WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, CAL.

15  PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 11:626 (The Rutter Group 2010).

### CONCLUSION

17  Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Specialized's

18  motion for leave to conduct additional early discovery. Specialized may serve a subpoena *duces*

19  *tecum* on the owners and/or operators of www.alibaba.com that requests information about (1) the

20  eBay profile "buzzboysales" and/or Defendants in this case, and (2) information regarding the

21  source and value of the allegedly counterfeit goods purportedly obtained by Defendants. In allowing

22  Specialized to conduct this discovery, the Court does not intend to foreclose any valid objections

23  that may be raised by any parties responding to it.

25  **IT IS SO ORDERED.**

26  Dated: April 28, 2011

27  _____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1   **C10-05725 HRL Notice will be electronically mailed to:**

2   Adam Paul Brezine , Esq        adam.brezine@hro.com, andres.carrillo@hro.com,
                                   freeda.lugo@hro.com, steve.jang@hro.com

3   **See General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

4

5   Stephen Sansom
    Holme Roberts & Owen LLP
    560 Mission Street
6   25th Floor
    San Francisco, CA 94105

7

8   **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28